MATTER OF K——

In DEPORTATION Proceedings

A-6782329

*Decided by Board April 24, 1959*

**Deportability—Exemption under clause (A), section 7, P.L. 85-316—Effect of misrepresentation to evade quota restrictions and commission of perjury in obtaining visa.**

Deportation proceedings are terminated as to an alien who brings himself within clause (A) of section 7, P.L. 85-316, notwithstanding that his misrepresentation as to place of birth may have been made to evade quota restrictions and notwithstanding his admission of the commission of perjury in obtaining his visa by fraud and misrepresentation.

CHARGES:

Warrant: Act of 1924 [8 U.S.C. 213(a) and 214, 1946 ed.]—Visa procured by fraud or misrepresentation.

Act of 1917 [8 U.S.C. 155(a), 1946 ed.]—Admits crime prior to entry—Perjury.

Act of 1924 [8 U.S.C. 213(a) and 214, 1946 ed.]—Not of nationality specified in visa.

BEFORE THE BOARD

**Discussion:** On March 16, 1954, we concluded that the respondent was deportable on the three charges stated above. Subsequently, we granted counsel's motion for reconsideration and reopening. The special inquiry officer on March 3, 1959, ordered termination of the proceedings pursuant to section 7 of the Act of September 11, 1957 (71 Stat. 640; 8 U.S.C. 1251a, 1952 ed., Supp. V). The case is now before us on certification.

The respondent is a 46-year-old married male, native and last a citizen of Rumania, whose only entry occurred on October 2, 1947, at which time he was admitted as a quota immigrant. His correct name is F——K——, but at the time of entry he had assumed the identity of one A——S——, had falsely stated that he was born in Germany, and was charged to the quota of that country. He admitted the commission of perjury on July 21, 1947, in connection with his application for an immigration visa. The sole issue to be determined is whether the special inquiry officer's order should be affirmed.

Section 7 of the Act of September 11, 1957, provides, in part, as follows: "The provisions of section 241 of the Immigration and Nationality Act relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as (1) aliens who * * * have procured visas * * * or entry into the United States by fraud or misrepresentation, or (2) aliens who were not of the nationality specified in their visas, shall not apply to an alien otherwise admissible at the time of entry who (A) is the spouse, parent, or a child of a United States citizen * * *." The respondent is the spouse of a United States citizen, his wife having been naturalized on April 7, 1953.

When the respondent applied for his immigration visa, he falsely stated that he had been born in Germany. He was able thus to obtain a visa under that quota which was then current. The Rumanian quota, to which he was actually chargeable, was oversubscribed. Section 7 of the Act of September 11, 1957 contains a proviso (not quoted above) that the misrepresentation of nationality and place of birth must not have been committed for the purpose of evading the quota restrictions of the immigration laws. This may have been one of the purposes of the respondent in making the misrepresentation. However, the proviso is specifically limited to aliens described in clause (B) of section 7, whereas, the respondent is within the purview of clause (A). Hence, this proviso is inapplicable in his case.

A requirement of section 7 of the Act of September 11, 1957 is that the alien must have been otherwise admissible at the time of entry. The respondent had been convicted in 1945 by a Summary Military Government Court at Munich, Germany. In order to ascertain the nature of the offense committed, we reopened the deportation hearing on January 19, 1959. A certified copy of the proceeding relating to that conviction has been made part of the record. Two of the charges related to the purchase by the respondent during May 1945 of 718 packages of cigarettes without surrendering ration coupons or a buying permit and with having paid more than the ceiling price. The other charge was unlawful possession of the 718 packages of cigarettes and various items of food. The respondent pleaded guilty and was sentenced to six months' imprisonment. The ordinance and laws violated were merely regulatory provisions and there was a complete absence of any element which could be considered to denote baseness, vileness or depravity. We concur in the special inquiry officer's conclusion that the offenses did not involve moral turpitude and that the respondent was not excludable because of this conviction.

The first and third charges appearing in the warrant of arrest are those specifically waived under section 7 of the Act of September

11, 1957.  The second charge is that the respondent is deportable because he admits the commission of a crime involving moral turpitude (perjury) prior to entry.  The remaining question in this case is whether he continues to be amenable to deportation on that charge notwithstanding that the other two charges are waived under section 7.

As we have indicated above, the respondent admitted that on July 21, 1947, he had committed perjury in his application for an immigration visa.  That part of section 7 of the Act of September 11, 1957, which was quoted above, does not expressly relate to an alien whose deportability is predicated on inadmissibility on the ground that he had admitted the commission of a crime involving moral turpitude.  The last sentence of section 7 relates to future applications for admission to the United States and authorizes the admission of certain aliens who would otherwise be excludable on the ground that they had procured visas by fraud or had admitted the commission of perjury in connection therewith.  If this respondent were now outside the United States, it would be possible for him to be lawfully admitted for permanent residence under the last sentence of section 7 since the perjury, which he admitted having committed, occurred in connection with his application for an immigration visa.  Considering section 7 in its entirety, it is our opinion that an alien within its purview, who is deportable on the ground that he admitted the commission of perjury in connection with obtaining his visa by fraud or misrepresentation, has been given a waiver of the commission of that perjury as a ground of deportability or excludability.  Hence, we conclude that none of the charges stated above is sustained and that the special inquiry officer's action was correct.

**Order:** It is ordered that the special inquiry officer's order terminating the proceeding, be affirmed.